**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHELLEY VOELKEL,**

    **Plaintiff,**

**v.**                                                     **Case No:**

**HOVG, LLC d/b/a BAY AREA**
**CREDIT SERVICE, LLC,**

                                                    **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **SHELLEY VOELKEL** ("Ms. Voelkel" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **HOVG, LLC d/b/a BAY AREA CREDIT SERVICE, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Ms. Voelkel's Cellular Telephone without Ms. Voelkel's prior express

consent and by placing twenty-six automated calls to Ms. Voelkel's Cellular Telephone within the span of just fifteen minutes, which can all be reasonably expected to harass Ms. Voelkel.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Voelkel, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Further, Ms. Voelkel is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6. Ms. Voelkel is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 317-***-8555 ("Ms. Voelkel's Cellular Telephone").

7. At all times material hereto, Defendant was and is a foreign limited liability corporation with its principle place of business in the State of Georgia and its

registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, Florida 32301.

### *Statements of Fact*

8. In or around early October of 2018, Defendant began placing calls to Ms. Voelkel's Cellular Telephone.

9. Under information and belief, Defendant's calls to Ms. Voelkel's Cellular Telephone were placed to collect a debt that was incurred for personal or household purposes ("Debt").

10. At no time did Ms. Voelkel give Defendant her Cellular Telephone number.

11. At no time did Ms. Voelkel give consent for Defendant to call her Cellular Telephone.

12. At no time did Ms. Voelkel sign a contract with Defendant wherein she provided her Cellular Telephone number.

13. Despite Ms. Voelkel never giving Defendant prior express consent to call her Cellular Telephone, Defendant continued to place egregiously frequent calls to Ms. Voelkel's Cellular Telephone.

14. For example, on October 18, 2018, Defendant placed twenty-six (26) calls to Ms. Voelkel's Cellular Telephone within the span of just fifteen minutes.

15. Defendant has called Ms. Voelkel's Cellular Telephone at least fifty (50) times during the time period from October 2018 to the present date.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Voelkel v. Bay Area Credit Service, LLC*
Page **3** of **12**

16. Defendant called Ms. Voelkel's Cellular Telephone from telephone number 1-877-781-1090.

17. All of Defendant's calls to Ms. Voelkel's Cellular Telephone were placed in an attempt to collect the Debt.

18. Defendant's repeated calls to Ms. Voelkel's Cellular Telephone imply that Defendant believes Ms. Voelkel owes the Debt.

19. Defendant has harassed Ms. Voelkel due to the timing and frequency of Defendant's calls.

20. Specifically, Ms. Voelkel works the night shift and sleeps during the day so Defendant's relentless calls to her Cellular Telephone during the day disrupt her sleep.

### *Count 1: Violation of the Telephone Consumer Protection Act*

21. Ms. Voelkel re-alleges paragraphs 1-20 and incorporates the same herein by reference.

22. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

23. Ms. Voelkel never provided any consent for Defendant to call Ms. Voelkel's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS"), artificial voice, or prerecorded message.

24. This is because Ms. Voelkel had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Ms. Voelkel's Cellular Telephone by use of an ATDS, artificial voice, or prerecorded message.

25. Despite never having Ms. Voelkel's prior express consent to call her Cellular Telephone using an ATDS, artificial voice, or prerecorded message, Defendant called Ms. Voelkel's Cellular Telephone at least fifty (50) times from October of 2018 to the present date.

26. Defendant did not have Ms. Voelkel's prior express consent to call her Cellular Telephone at any point in time.

27. Ms. Voelkel never provided Defendant with her Cellular Telephone number.

28. Defendant did not place any emergency calls to Ms. Voelkel's Cellular Telephone.

29. Defendant willfully and knowingly placed non-emergency calls to Ms. Voelkel's Cellular Telephone.

30. Ms. Voelkel knew that Defendant called Ms. Voelkel's Cellular Telephone using an ATDS due to the frequency of Defendant's calls because on October 18, 2018, Defendant placed twenty-six (26) calls to Ms. Voelkel's Cellular Telephone within the span of just fifteen minutes.

31. Ms. Voelkel knew that Defendant called Ms. Voelkel's Cellular Telephone using a prerecorded voice because Defendant left Ms. Voelkel at least one voicemail using a prerecorded voice.

32. Defendant used an ATDS when it placed at least one call to Ms. Voelkel's Cellular Telephone.

33. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Voelkel's Cellular Telephone.

34. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Voelkel's Cellular Telephone.

35. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Voelkel's Cellular Telephone.

36. At least one call that Defendant placed to Ms. Voelkel's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

37. At least one call that Defendant placed to Ms. Voelkel's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

38. At least one call that Defendant placed to Ms. Voelkel's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

39. At least one call that Defendant placed to Ms. Voelkel's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

40. At least one call that Defendant placed to Ms. Voelkel's Cellular Telephone was made using a prerecorded voice.

41. Defendant has recorded at least one conversation with Ms. Voelkel.

42. Defendant has recorded more than one conversation with Ms. Voelkel.

43. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Voelkel, for its financial gain.

44. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Voelkel's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

45. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Voelkel, despite Defendant never having prior express consent from individuals like Ms. Voelkel to place such calls.

46. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Voelkel's Cellular Telephone.

47. Defendant has corporate policies to abuse and harass consumers like Ms. Voelkel despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

48. Defendant's phone calls harmed Ms. Voelkel by trespassing upon and interfering with Ms. Voelkel's rights and interests in her Cellular Telephone line.

49. Defendant's phone calls harmed Ms. Voelkel by wasting her time.

50. Defendant's phone calls harmed Ms. Voelkel by being a nuisance and causing her aggravation.

51. Defendant's phone calls harmed Ms. Voelkel by causing her to lose sleep.

52. Defendant's phone calls harmed Ms. Voelkel by invading her privacy.

53. Defendant's phone calls harmed Ms. Voelkel by causing her annoyance.

54. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")* <br> *(as against Debt Collector)*

55. Ms. Voelkel re-alleges paragraphs 1-20 and incorporates the same herein by reference.

56. Ms. Voelkel is a "consumer" within the meaning of the FDCPA.

57. The subject debt is a "consumer debt" within the meaning of the FDCPA.

58. Defendant is a "debt collector" within the meaning of the FDCPA.

59. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692d (5) by causing Ms. Voelkel's Cellular Telephone to ring continuously with the intent to annoy, abuse, and harass the person at the called number when it placed twenty-six (26) calls to Ms. Voelkel's Cellular Telephone within the span of just fifteen minutes on October 18, 2018.

   b. Defendant violated 15 U.S.C. § 1692g by failing to send Ms. Voelkel a written notice containing the required disclosures in 15 U.S.C. § 1692g (a) within five days after its first call to Ms. Voelkel's Cellular Telephone.

   c. Alternatively, Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting that Ms. Voelkel owed the Debt when Ms. Voelkel did not owe such Debt.

60. As a result of the above violations of the FDCPA, Ms. Voelkel has been subjected to illegal collection activities for which she has been damaged.

61. Defendant's phone calls harmed Ms. Voelkel by trespassing upon and interfering with Ms. Voelkel's rights and interests in her Cellular Telephone line.

62. Defendant's phone calls harmed Ms. Voelkel by wasting her time.

63. Defendant's phone calls harmed Ms. Voelkel by being a nuisance and causing her aggravation.

64. Defendant's phone calls harmed Ms. Voelkel by causing her to lose sleep.

65. Defendant's phone calls harmed Ms. Voelkel by invading her privacy.

66. Defendant's phone calls harmed Ms. Voelkel by causing her annoyance.

67. It has been necessary for Ms. Voelkel to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

68. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

*Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

69. Ms. Voelkel re-alleges paragraphs 1-20 and incorporates the same herein by reference.

70. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) when it placed twenty-six (26) calls to Ms. Voelkel's Cellular Telephone

       within the span of just fifteen minutes on October 18, 2018,

       which can reasonably be expected to harass Ms. Voelkel.

71. As a result of the above violations of the FCCPA, Ms. Voelkel has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

72. Defendant's phone calls harmed Ms. Voelkel by wasting her time.

73. Defendant's phone calls harmed Ms. Voelkel by being a nuisance and causing her aggravation.

74. Defendant's phone calls harmed Ms. Voelkel by causing her to lose sleep.

75. Defendant's phone calls harmed Ms. Voelkel by invading her privacy.

76. Defendant's phone calls harmed Ms. Voelkel by causing her annoyance.

77. It has been necessary for Ms. Voelkel to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

78. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

      f.   Any other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff, Shelley Voelkel, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 28, 2018**,

                                          /s/ Michael A. Ziegler
                                          Michael A. Ziegler, Esq.
                                          Florida Bar No. 74864
                                          mike@zieglerlawoffice.com

                                          /s/ Kaelyn Steinkraus
                                          Kaelyn Steinkraus, Esq.
                                          Florida Bar No. 125132
                                          kaelyn@zieglerlawoffice.com

                                          Law Office of Michael A. Ziegler, P.L.
                                          2561 Nursery Road, Suite A
                                          Clearwater, FL 33764
                                          (p)  (727) 538-4188
                                          (f)  (727) 362-4778
                                          Attorneys and Trial Counsel for Plaintiff